UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 19-25297-CIV-COOKE/GOODMAN

HAROLD RODRIGUEZ,

    Plaintiff,

v.

PEPPER'S MIAMI BEACH, LLC, d/b/a
PEPPERS AUTHENTICO MEXICANO, a
Florida Limited Liability Company,
ASPIS GROUP LLC, d/b/a
PEPPERS AUTHENTICO MEXICANO, a
Florida Limited Liability Company, and
DAVID GONZALEZ, individually,

    Defendants.

_____/

## JOINT *UNOPPOSED* MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff Harold Rodriguez ("Plaintiff") and Defendants PEPPER'S MIAMI BEACH, LLC ("Peppers"), ASPIS GROUP LLC ("Aspis"), and DAVID GONZALEZ ("Gonzalez") (Peppers, Aspis and Gonzalez collectively "Defendants") (Plaintiff and Defendants collectively referred to in this motion as the "Parties"), respectfully move that the Court: (1) approve the terms of the settlement(s) they have agreed upon following arms-length negotiations; (2) dismiss this case with prejudice and direct the entry of final judgment; (3) reserve jurisdiction to enforce the terms of the Parties' settlement agreement for seventy-five (75) days; and (4) grant such further relief as the Court deems just. In support of this motion,

the Parties state as follows.

## FACTUAL BACKGROUND

Defendants together allegedly owned a restaurant called "Peppers Authentico Mexicano," located at 9459 S Dixie Hwy, Pinecrest, Florida. Plaintiff worked as a server at Defendants' restaurant at all times relevant hereto. Plaintiff alleges that he worked for Defendants from November 2016 through on or about February 2019, Defendants employed Plaintiff as a non-exempt, hourly-paid employee. D.E. 1, ¶33.

In his Complaint and Demand for Jury Trial filed on December 26, 2019 ("Complaint"), against Defendants, Plaintiff alleged that Defendants failed to pay him minimum wages and overtime for hours worked over forty in a workweek. *See* D.E. 1. Plaintiff sued Defendants seeking to recover unpaid minimum wage pay and overtime wages under the Fair Labor Standards Act ("FLSA"). *Id.*

On February 5, 2020, Plaintiff filed his Statement of Claim in which Plaintiff alleged that he was owed $7,342.44 in unpaid wages/overtime, plus an equal amount as liquidated damages and reasonable attorneys' fees and costs. *See* D.E. 7.

Defendants vigorously disputed Plaintiff's allegations and claimed damages. Specifically, each of the Defendants denies that it employed Plaintiff within the meaning of the FLSA. Furthermore, the Defendants dispute the number of hours and resulting unpaid wages/overtime claimed by Plaintiff. Finally, Defendants contend that Covid-19 has decimated their business and severely impact their ability to satisfy a verdict in this case in excess of the amount of the settlement.

Since the filing of this Action, counsel for Plaintiff has had numerous conversations

with counsel for the various Defendants regarding settlement, even as Plaintiff aggressively litigated the case. Following a multitude of telephone calls in which the Parties explained their respective views of the facts, the Parties negotiated a settlement of Plaintiff's claims against Defendants, in two (2) separate settlement agreements. Copies of the executed Agreements are attached collectively hereto as **EXHIBIT A**.

To continue litigation in this matter would be extremely costly, and lacks benefit for all involved. Based on Plaintiff's counsel's numerous conversations with counsel for each of the Defendants, Plaintiff and his counsel has reason to believe that even if litigation were to continue, there is a risk that one or more Defendants may file for bankruptcy, and/or that any future judgment would be beyond Defendants' ability to pay. Therefore, the Agreement as currently executed, reduces that risk, and allows Plaintiff to recover an amount that he is satisfied with while also covering the attorneys' fees and costs associated with bringing this action. Each Party to the Agreement desires to avoid the risks, uncertainties, time, and expense associated with litigating this matter.

As reflected in the Settlement Agreements (singularly, "Agreement"; together, "Agreements"), the settlement amount to be paid to Plaintiff includes an amount in excess of 100% of his back wages/overtime claimed, a substantial portion of his claimed liquidated damages, and a separate payment to be made for Plaintiff's attorneys' fees and costs incurred. Specifically, Defendants collectively will pay a total of $16,500, which will be allocated as $4,500 in unpaid wages, $4,500 in liquidated damages, and $7,500 as attorneys' fees and costs. *See* EXHIBIT A. Further, the attorneys' fees and costs were negotiated separate and apart from Plaintiff's underlying recovery, and thus Plaintiff's recovery has not

been impacted by the attorneys' fees and costs payable under the Agreements.

This matter involves a bona fide dispute regarding whether and to what extent Plaintiff is entitled to any damages. As demonstrated in this motion, the terms of the Agreement were reached following extensive negotiations between the Parties after close to a year of litigation. The Agreement's terms reflect the recognition of the risks and costs of litigation by the Parties with all Parties' counsel being experienced in such matters. In order to avoid these risks and costs, the Parties agree that resolving this litigation in accordance with the Agreement makes sense for all concerned. The Parties therefore respectfully urge this Court to approve their settlement.

## MEMORANDUM OF LAW

In the Eleventh Circuit, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or approved by the district court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In order to approve the settlement, a court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute under the FLSA. *Id.* at 1354. If the settlement is fair and reasonable, the court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* The terms of the Parties' settlement plainly comply with the spirit of *Lynn's Food Stores, Inc*.

In considering FLSA settlements, courts must determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute." *Southwick v. Pystmo, LLC*, Case No. 2:16-cv-625-FtM-99CM, 2018 U.S. Dist. LEXIS 44979, *2 (M.D. Fla. Mar. 20, 2018) (Steele, J.). To this end, Florida district courts frequently consider the following factors: (i)

the existence of fraud or collusion behind the settlement; (ii) the complexity and duration of the litigation; (iii) the stage of the proceedings; (iv) the probability of plaintiffs' success; (v) the range of possible recovery; and (vi) the opinions of counsel. *See, e.g., Seda v. All Fla. Appliance & A/C, Inc.*, No. 8:15-cv-00311, 2015 U.S. Dist. LEXIS 75787, *3 (M.D. Fla. June 4, 2015) (Pizzo, M.J.) (citing cases), *report and recommendation adopted by*, 2015 U.S. Dist. LEXIS 75791 (M.D. Fla. June 11, 2015). This Court has emphasized the importance of an "adversarial context" as a means to render a settlement "more likely to reflect a reasonable compromise of disputed issues." *Herrera v. R & L Carriers, Inc.*, Case No: 2:16-cv-795-FtM-99MRM, 2017 U.S. Dist. LEXIS 143608, *3 (M.D. Fla. Aug. 31, 2017) (McCoy, M.J.) (internal quotation marks and quotation omitted). Further, this Court has stated:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claim; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.* at *6-7 (quoting *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)).

Here, Plaintiff's negotiated settlement terms are satisfactory to the Parties. Plaintiff's counsel, who is experienced in wage and hour matters, views the agreed-upon terms as a good outcome for the Parties given the procedural history in this case and bona fide disputes

that exist.  It could be years before this matter is ready for a trial, and this Court ultimately could determine that Plaintiff is not entitled to any recovery.  There has been no fraud or collusion in the settlement of this case, and settlement will prevent expensive, protracted, and uncertain litigation.  Moreover, Plaintiff's counsel is not taking a fee here.

Ultimately, after assessing their respective positions, the Parties decided that it is in their respective best interests to resolve this matter before further Motion practice by Plaintiff's counsel, through settlement rather than to proceed through protracted and costly litigation.  As more set forth above, based on Defendant's financial situation, even if Plaintiff were to eventually obtain a judgment in his favor, Plaintiff may not be able to recover his damages even after protracted expensive litigation.  Courts within this district and beyond have held compromised FLSA settlements are reasonable when defendant may lack the ability to pay a future judgment.  *Rosado v. Superior Aircraft Servs., Inc.*, 2014 WL 12873212, at *3 (M.D. Fla. June 9, 2014), *report and recommendation adopted*, 2014 WL 5280539 (M.D. Fla. June 12, 2014) ("They also represent that the settlement agreements reduce the chance that any future judgment in favor of the Plaintiffs will be beyond Superior Aircraft's ability to pay.  Accordingly, I recommend that the Court find that the parties have adequately disclosed the facts and circumstances underlying the decision to settle the Plaintiffs' claims."); *Silva v. Nona Digital, Inc.*, 2018 WL 1242244, at *2 (M.D. Fla. Mar. 1, 2018), *report and recommendation adopted*, 2018 WL 1242245 (M.D. Fla. Mar. 9, 2018) ("And, there is concern about Defendants' financial ability to pay if this case bogs down in protracted litigation.  Here, I am persuaded by the parties' representations and find that their agreement can be approved without the payment of liquidated damages."); *Pass v. Joey's Am.*

*Rd. Serv. of Daytona Beach, Inc.*, 2009 WL 10712925, at *2 (M.D. Fla. July 8, 2009), *report and recommendation adopted,* 2009 WL 10712926 (M.D. Fla. Aug. 17, 2009) ("In the Motion, Plaintiff states that he has agreed to compromise his claim due to Defendants' contention that he did not actually work the hours that he claims and that Defendant is not covered by the FLSA, as well as Defendant's financial ability to pay the amount sought."); *Fogg v. Over Mountain Sedan, LLC*, 2017 WL 6347982, at *2 (N.D. Ala. Nov. 17, 2017) ("Plaintiffs state they have compromised their disputed claims due to concerns about Defendant's financial posture and ability to pay; conversely, Defendant (though denying liability) states the settlement is in excess of what Plaintiffs would receive if they were successful at trial, in terms of both unpaid wages and liquidated damages. [] The parties also note the inherent risks of continued litigation. [] Due to these circumstances, particularly Defendant's potential inability to pay a judgment even if Plaintiffs were successful at trial, the undersigned finds the compromise of Plaintiffs' claims is reasonable."); *Maxwell v. Fla. Psychological Assocs., LLC*, 2019 WL 1092740, at *4 (M.D. Fla. Feb. 15, 2019), r*eport and recommendation adopted,* 2019 WL 2229893 (M.D. Fla. Mar. 19, 2019) ("Because the parties genuinely dispute Maxwell's entitlement to liquidated damages, the defendants' failure to pay liquidated damages does not render the settlement unreasonable.").

Likewise, the fact that Plaintiff has compromised, in part, payment of liquidated damages is fair and reasonable under these circumstances. Defendants contend that they acted in good faith, and that the amount that Plaintiff is recovering is more than he is entitled

to. As explained, Defendants may not be able to pay if Plaintiff were to prevail after further protracted litigation.

Courts have found agreements that do not provide for liquidated damages under similar circumstances to be fair and reasonable. *Silva*, 2018 WL 1242244, at *2 ("And, there is concern about Defendants' financial ability to pay if this case bogs down in protracted litigation [] Here, I am persuaded by the parties' representations and find that their agreement can be approved without the payment of liquidated damages."); *Fogg,* 2017 WL 6347982, at *2 ("Plaintiffs state they have compromised their disputed claims due to concerns about Defendant's financial posture and ability to pay; conversely, Defendant (though denying liability) states the settlement is in excess of what Plaintiffs would receive if they were successful at trial, in terms of both unpaid wages and liquidated damages. The parties also note the inherent risks of continued litigation. Due to these circumstances, particularly Defendant's potential inability to pay a judgment even if Plaintiffs were successful at trial, the undersigned finds the compromise of Plaintiffs' claims is reasonable."); *Maxwell*, 2019 WL 1092740, at *4 ("Because the parties genuinely dispute Maxwell's entitlement to liquidated damages, the defendants' failure to pay liquidated damages does not render the settlement unreasonable.").

Furthermore, the Parties' decision to include a mutual general release in the Agreement does not render the Agreement unreasonable. *See Rosado v. Superior Aircraft Servs., Inc.*, 2014 WL 12873212, at *3 (M.D. Fla. June 9, 2014), *report and recommendation adopted,* 2014 WL 5280539 (M.D. Fla. June 12, 2014) (approving a settlement agreement that contained a mutual general release); *Vergara v. Delicias Bakery & Rest., Inc.*, 2012 WL

8

2191299, at *2-3 (M.D. Fla. May 31, 2012) (approving settlement agreement with a mutual general release), *report and recommendation adopted*, 2012 WL 2191492 (M.D. Fla. June 14, 2012); *Williams v. Superior Aircraft Servs., Inc.*, Case No. 6:13-cv-1726-Orl-31DAB, Doc. Nos. 24-1, 25 (M.D. Fla. Apr. 24 & 25, 2014) (approving a settlement agreement with a mutual general release, confidentiality, and non-disparagement clauses). Here, because the release is mutual and the claims that Plaintiff is releasing are equally as broad as the claims that Defendant Johnson is releasing, the Agreement is fair and reasonable.

Based upon the above, the settlement reached in this matter reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Herrera*, 2017 U.S. Dist. LEXIS 143608, at *3 (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1354). The Parties respectfully submit that their settlement should be approved.

### To the Extent the Court Reviews the Attorneys' Fees for Fairness They Are Fair and Reasonable Under the Circumstances at Bar.[1]

To the extent the Court elects to review the attorneys' fees and costs due under the parties' settlement, same should be approved as fair and reasonable. The attorneys' fees, less represent a significant discount to counsel's lodestar, after accounting for and reducing same by the costs incurred ($850.82). Plaintiff's counsel has incurred over 30 hours litigating this case to successful conclusion to date. At a rate of $450/hour, a rate that is in line with the

---

[1] The sole Circuit court to have opined on the issue has clearly held—under circumstances indistinguishable from those at bar—that the Court lacks authority to review agreed-upon attorneys' fees and costs, which were negotiated separate and apart from the amounts payable to each Plaintiff and in no way impacted any Plaintiff's recovery. *Barbee v. Big River Steel, LLC*, 927F.3d 1024, 1027 (8th Cir. 2019) ("[A]ny authority for judicial approval of FLSA settlements in 29 U.S.C. § 216 does not extend to review of settled attorney fees").

rates in this District of comparable attorneys with 20 years of experience who are partners in their law firm, Plaintiff's lodestar exceeds $13,000. Thus, Plaintiff's fees represent a discount of greater than 50% to the lodestar, and should be approved as reasonable.

## CERTIFICATE OF CONFERRAL

Pursuant to L.R. 7.1 of the Southern District of Florida, Plaintiff's undersigned counsel certifies that he conferred with counsel for Defendants and is authorized to represent that Defendants do not oppose the relief sought herein.

## CONCLUSION

In light of the contested issues presented in this case and the potentially protracted and expensive litigation that lies ahead, the settlement terms represent a fair and equitable resolution of this matter. The Parties therefore respectfully request that the Court enter an order: (1) approving the terms of the Agreement; (2) dismissing this action with prejudice and directing the entry of final judgment; (3) reserve jurisdiction to enforce the terms of the Parties' settlement agreement for seventy-five (75) days; and (4) grant such further relief as the Court deems just.

Dated: December 4, 2020

Respectfully submitted,

MORGAN & MORGAN, P.A.
Suite 400
8151 Peters Rd. 4th Floor
Plantation, FL  33324
Tel: 954.WORKERS
Fax: 954.333.3515

*/s/ Andrew R. Frisch*
Andrew R. Frisch
Florida Bar No. 27777
afrisch@forthepeople.com

Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to all parties of record.

*/s/Andrew R. Frisch*
Andrew R. Frisch