# EXHIBIT A

## SETTLEMENT AGREEMENT AND
## FULL AND FINAL MUTUAL RELEASE OF ALL CLAIMS

1. This Agreement covers all understandings between HAROLD RODRIGUEZ (hereinafter referred to as "Plaintiff" a term which includes Plaintiff's successors, beneficiaries, personal representatives, and heirs) and DAVID GONZALEZ and PEPPER'S MIAMI BEACH, LLC (hereinafter referred to as "Defendants" term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs, but excludes ASPIS GROUP LLC and GONZALO F. LEON).

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

   A. To settle and release any and all wage and hour claims and actions of any nature whatsoever between Plaintiff and Defendants, as related to the transactions or matters which are the subject matter of the lawsuit CASE NO.: 1:2019cv25297 pending in the United States District Court for the Southern District of Florida.

   B. To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff.

   C. That the below-referenced amount paid by Defendants represents a sum to which Plaintiff would not be entitled absent this Agreement.

3. For and in consideration of the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendants agree to pay Plaintiff and Plaintiff's counsel, Morgan & Morgan, P.A., the total consideration of $12,000 within 10 days of the endorsement of this agreement by Plaintiff. The above amounts shall be made payable in three checks as follows: (1) $6,545.44 to HAROLD RODRIGUEZ for unpaid wages and liquidated damages ($3,272.72 allocated as wages and $3,272.72 allocated as liquidated damages), for which a 1099 shall issue to Harold Rodriguez; and (2) $5,454.56 to "Morgan & Morgan, P.A." for which a 1099 shall issue to Morgan & Morgan, P.A. ***Plaintiff specifically is aware of, and agrees with, the amount of attorneys' fees and costs to be paid to his counsel for representing his interests in this matter***

4. Defendants agree not to disclose the existence or contents of this Agreement to any prospective employer of Plaintiff.

5. In the event that Plaintiff or Defendants commence an action for damages, injunctive

Page 1 of 3

relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

6. Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

7. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and an authorized representative of Defendants.

8. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

9. This Release may be executed in counterparts, but shall be construed as if signed in one document. Photographic or facsimile copies of any such signed counterparts may be used in lieu of the original.

10. The law governing this Agreement shall be that of the United States and the State of Florida. The United States District Court for the Southern District of Florida shall retain jurisdiction to enforce the terms of this Settlement Agreement.

**REMAINDER OF PAGE INTENTIONALLY BLANK**

DATE:_____        Signature: _____
                                    HAROLD RODRIGUEZ

DATE: 11·10·2020        Signature: *David Gonzalez*
                                    DAVID GONZALEZ

DATE: 11·10·2020        Signature: *David Gonzalez*
                                    By:
                                    PEPPER'S MIAMI BEACH, LLC

DATE: 11-4-20            Signature: _____
                                    HAROLD RODRIGUEZ


DATE:_____          Signature: _____
                                    DAVID GONZALEZ


DATE:_____          Signature: _____
                                    By:
                                    PEPPER'S MIAMI BEACH, LLC

Page **3** of **3**

## SETTLEMENT AGREEMENT AND
## FULL AND FINAL MUTUAL RELEASE OF ALL CLAIMS

1.  This Agreement covers all understandings between HAROLD RODRIGUEZ (hereinafter referred to as "Plaintiff" a term which includes Plaintiff's successors, beneficiaries, personal representatives, and heirs) and GONZALO F. LEON and ASPIS GROUP LLC (hereinafter referred to as "Defendants" term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs, but excludes PEPPER'S MIAMI BEACH, LLC and DAVID GONZALEZ).

2.  For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

    A.  To settle any and all wage and hour claims and actions of any nature whatsoever between Plaintiff and Defendants, as related to the transactions or matters which are the subject matter of the lawsuit CASE NO.: 1:2019cv25297 pending in the United States District Court for the Southern District of Florida.

    B.  To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff.

    C.  That the below-referenced amount paid by Defendants represents a sum to which Plaintiff would not be entitled absent this Agreement.

    D.  To settle any and all claims and actions of any nature whatsoever between Plaintiff and Defendants of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause of thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Plaintiff's previous employment or separation from employment ASPIS GROUP LLC, or related to the transactions or matters which are the subject matter of the operative Complaint filed by Plaintiff in the United States District Court for the Southern District of Florida, CASE NO.: 1:2019cv25297 (the "Lawsuit"), including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including the Civil Rights Acts of 1866, 1871, 1964, and 1991, the Employment Retirement Income Security Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Fair Labor Standards Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act, the Family and Medical Leave Act of 1993, the Florida Civil Rights Act, the Florida Private Whistleblowers' Act, the retaliation provision of the Florida Workers' Compensation Act, and all local ordinances, as well as common law causes of action for all torts,

Page 1 of 5

including but not limited to battery, assault, invasion of privacy, intentional infliction of emotional distress, false imprisonment, and negligent supervision/retention, and all causes of action based on contract or quasi-contract. This is not a complete list, and Plaintiff waives and releases all similar rights and claims under all other federal, state, and local discrimination provisions and all other statutory and common law causes of action or administrative claims relating in any way to Plaintiff's previous employment or any termination of employment with ASPIS GROUP LLC, existing at any time prior to this Agreement, whether known or unknown.

E.  That, other than the Lawsuit, Plaintiff has not filed any charge, complaint, or lawsuit asserting any claim(s) referenced in Paragraph 2A of this Agreement. While Plaintiff understands that the law does not foreclose him from filing an agency charge, should any such charge or action be filed by Plaintiff or on his behalf involving matters covered by this Agreement, Plaintiff agrees to promptly give the agency or court having jurisdiction a copy of this Agreement and inform them that any individual claims he might otherwise have had have been settled. Plaintiff agrees not to file any lawsuit at any time over any claims released in this Agreement, provided, however, that this Agreement does not prevent Plaintiff from filing a lawsuit challenging whether this Agreement is itself legal.

F.  To file a motion for Court approval of this Agreement, with the Court reserving jurisdiction to enforce the terms of the settlement and dismissing with prejudice Plaintiff's claims in the Lawsuit. Plaintiff understands that payment by ASPIS GROUP LLC will not be due until the settlement has been approved by the Court and this case has been dismissed with prejudice.

G.  To waive his right to recover in any action which may be brought on his behalf by any person or entity, including, but not limited to, any governmental department or agency such as the U.S. Equal Employment Opportunity Commission, the Florida Commission on Human Relations or the U.S. Department of Labor.

H.  To waive any claim to future employment with Defendants and to never reapply or seek reemployment with Defendants. Plaintiff further agrees that this Agreement is good and sufficient cause for ASPIS GROUP LLC to reject any such application for reemployment.

I.  That, as a result of this settlement, he is receiving full compensation for any claim under the Fair Labor Standards Act, including liquidated damages, costs and attorney's fees under § 216(b); that he has received all salary, wages, overtime payments, and other monetary compensation and benefits to which he was and/or is entitled as a result of his employment with ASPIS GROUP LLC; and that, except for payment under paragraph 3, no other remuneration of any kind is owed to him.

J.  To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff.

Not to disclose the contents of this Agreement to anyone except Plaintiff's attorneys, spouse, and/or tax advisors, if any, provided that they agree to be bound by this confidentiality provision, and as compelled by force of law. Plaintiff agrees that if he finds it necessary to disclose the existence or terms of this Agreement as permitted herein, he will advise such persons that they are under an obligation to maintain the confidentiality of such information. To the extent that Plaintiff reveals the contents of this Agreement to anyone (as allowed in this paragraph), Plaintiff assumes responsibility for any breach of the confidentiality provisions by such third person

K.   Except as provided in paragraph 3, Plaintiff expressly acknowledges that he has been paid for all hours worked, including all salary, wages, and overtime payments, and that no other compensation of any kind is owed to him.

3.   For and in consideration of the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendants agree to pay Plaintiff and Plaintiff's counsel, Morgan & Morgan, P.A., the total consideration of $4,500, in 2 equal payments of $2750, with the first payment being due within 10 business days after the Court in this action approves the settlement agreement and dismisses the action against Defendants with prejudice and the second payment due 60 days thereafter.

Each of the 2 payments of $2,750 shall be made payable in two checks as follows: (1) $1,227.27 to HAROLD RODIGUEZ; and (2) $1,022.73 to "Morgan & Morgan, P.A." ***Plaintiff specifically is aware of, and agrees with, the amount of attorneys' fees and costs to be paid to his counsel for representing his interests in this matter.*** Each party agrees to bear the sole responsibility for his/its portion of taxes due as a result of the payments in this paragraph. Plaintiff acknowledges that Defendants has made no representation regarding the taxability of the settlement funds, penalties or interest

4.   In the event that Defendants fail to make one or more payments by the time due pursuant to Paragraph 3 herein, Plaintiff shall be entitled to a default judgment against Defendants for all amounts remaining due hereunder, plus interest, and shall be further entitled to attorneys' fees and costs necessitated to enter judgment and/or to collect such amounts. The Defendants shall have a FIVE (5) business day cure period, which shall be triggered by notice to their lawyer by fax and e-mail

5.   Defendants agree not to disclose the existence or contents of this Agreement to any prospective employer of Plaintiff and shall provide Plaintiff with a neutral job reference.

6.   In the event that Plaintiff or Defendants commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

7. Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

8. Both parties acknowledge that this Agreement will not become effective or enforceable until seven (7) days from the date that Plaintiff signs this Agreement and delivers it to Defendants. During this seven (7) day period, Plaintiff may revoke this Agreement. If Plaintiff revokes this Agreement during that period, Plaintiff understands that the Agreement will be null and void, and that he will not, therefore, be entitled to the benefits of Paragraph 3 of this Agreement. To revoke this Agreement, Plaintiff understands that he must deliver written notice of revocation to Ruben Martin Saenz at SAENZ & ANDERSON PLLC, 20900 NE 30th Avenue, Ste. 800, Aventura, Florida 33180, by no later than 5:00 pm on the seventh day after he signs this Agreement advising Defendants of his intent to revoke this Agreement. If he fails to revoke this Agreement within this time frame, Plaintiff agrees and understands that this Agreement will become effective and enforceable upon the expiration of the seven (7) days.

9. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and an authorized representative of Defendants.

10. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

11. This Release may be executed in counterparts, but shall be construed as if signed in one document. Photographic or facsimile copies of any such signed counterparts may be used in lieu of the original.

12. The law governing this Agreement shall be that of the United States and the State of Florida. The United States District Court for the Southern District of Florida shall retain jurisdiction to enforce the terms of this Settlement Agreement.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

Page 4 of 5

DATE:_____      Signature: _____
                               HAROLD RODRIGUEZ

DATE: 11/04/2020    Signature: _____
                               GONZALO F. LEON

DATE: 11/04/2020    Signature: _____
                               By:
                               ASPIS GROUP LLC

DATE: 11-4-20             Signature: _____
                                     HAROLD RODRIGUEZ


DATE: _____          Signature: _____
                                     GONZALO F. LEON


DATE: _____          Signature: _____
                                     By:
                                     ASPIS GROUP LLC